# SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Plaintiffs LIONEL BRIGGS and JAMES ANTWINE ("Plaintiffs") on the one hand, and DPV TRANSPORTATION, INC.; DPV TRANSPORTATION WORLDWIDE LLC; DANIEL PEREZ; and JOSE PEREZ, (the "Individual Defendants"), on the other hand, (collectively referred to as the "Litigation Defendants"), jointly and severally, their parents, subsidiaries, divisions, affiliates, successors, and related companies, and the officers, directors, shareholders, agents, trustees, employees, attorneys, and representatives of all of them (hereinafter referred to collectively as "Defendants" or "Company" or "Corporation").

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 21 CV 6738 (KMK) (hereinafter "the Action"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties have determined it to be in their mutual interests to settle all claims or other matters between them and to dismiss the Action with prejudice;

WHEREAS, the parties engaged in arm's-length settlement negotiations;

WHEREAS, Plaintiffs' counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiffs and, based on this analysis and evaluation of a number of factors, and recognizing the substantial risk of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' counsel believes that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Plaintiffs.

WHEREAS, in agreeing to the settlement embodied in this Agreement, the parties have considered: (i) the facts developed during the pendency of the Action and the law applicable thereto; (ii) the attendant risks to the parties of continued litigation and the uncertainty of the outcome of the Action; (iii) the desirability of permitting the settlement to be memorialized according to the terms of this Agreement; and (iv) the conclusion of the parties and their counsel that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that it is in the parties' best interests to settle the Action as set forth below;

WHEREAS, Defendants deny all of the allegations made by Plaintiffs in the Action and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Action. Nevertheless, without admitting or conceding any liability or damages, Defendants have agreed to a settlement on the terms set forth in this Agreement, to avoid the burden, expense, and uncertainty of further litigation;

{11974260:2}                               1

WHEREAS, the parties agree to use their best efforts to obtain an approval order from the Court; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u> Defendants will pay a total of $26,000.00 in settlement of the Action to be paid as follows:

    a. Within ten (10) days of dismissal of this action and approval of this Agreement as fair, the Defendants will pay:

        i. One check payable to James Antwine in the gross amount of $2,012.12, less applicable taxes and withholdings to be reported on an IRF Form W-2;
        ii. One check payable to James Antwine in the gross amount of $6,500.52, representing liquidated damages, and penalties to be reported on an IRS Form 1099-MISC (Box 3),
        iii. One check payable to Lionel Briggs in the gross amount of $1,909.19, less applicable taxes and withholdings to be reported on an IRF Form W-2;
        iv. One check payable to Lionel Briggs in the gross amount of $6,462.17, representing liquidated damages, and penalties to be reported on an IRS Form 1099-MISC (Box 3),
        v. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $9,116.00, representing attorneys' fees and costs, which will be reported for tax purposes on an IRS Form 1099 (Box 10).

    The payments shall be conditioned upon receipt by Defendants of an IRS Form W-9 provided by the Law Office of Justin A. Zeller, P.C. and confirmation of Plaintiffs' home addresses for Defendants. The IRS Forms stated herein shall be provided to Plaintiffs and the Law Office of Justin A. Zeller, P.C. at least one month prior to the tax filing deadline in any year a payment is made.

    Each payor under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he or it is legally responsible to pay as a result of this Agreement.

2. <u>Breach</u>: In the event Plaintiffs do not timely receive a settlement payment, Plaintiffs may seek to obtain a judgment against the defaulting defendant for the entire remaining owed sum plus a $10,000.00 penalty, which shall be accelerated and due. However, Defendants shall not be deemed to be in default or in material breach until such time as: (1) notice of failure to receive a payment is provided to Defendants by email to their counsel, Scott Matthews, Esq., smatthews@windelsmarx.com; and (2) seven (7) days elapse from the date of such notice without

receipt of payment. The Court shall retain jurisdiction solely to enforce the terms of this agreement and either party may move for enforcement by letter motion.

    3.    <u>Approval of the Agreement</u>: Plaintiffs shall file a motion for approval of this Agreement by the Court. Plaintiffs' counsel will sign a stipulation of dismissal and provide it to defense counsel along with this Agreement signed by Plaintiff. Defense counsel shall hold such stipulation in escrow and file it with the Court only after full and complete payment is wired pursuant to the terms of this Agreement. Should the Court reject the Agreement, this Agreement shall be null and void.

    4.    <u>Release and Covenant Not To Sue</u>: Plaintiffs, on behalf of themselves, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquish, release, and waive all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against each of the Defendants and their (as applicable) respective, parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, or assigns, or their current or former trustees, representatives, employees, agents, attorneys, shareholders, officers, directors, and sole proprietors (the "Releasees"), based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice relating only to or arising out of the claims at issue in this Action. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby. This waiver and release includes all claims described above either presently known or unknown by Plaintiffs. (The above shall be collectively referred to as "Released Claims").

    5.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    6.    <u>Return of all Property</u>: Plaintiffs represent that they have returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiffs received, prepared or helped prepare, or otherwise came in contact with and that Plaintiffs will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, and processes of the Company, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

    6.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. <u>Acknowledgment</u>: Plaintiffs and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

8. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties' consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

9. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiffs' full return to Defendants of the full Settlement Amount paid under this Agreement.

10. <u>Release Notification and Withdrawal</u>:

   a. Defendants advise Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they make this decision after careful thought, and after an opportunity to consult with their attorneys.

   b. Plaintiffs acknowledge that they have been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that they fully understand and agree to all of its terms.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

*[Signatures to follow on next page]*

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____          _____
                                James Antwine

Dated: _____          _____
                                Lionel Briggs

Dated: 01-27-22                 _____
                                Jose Perez

Dated: 01-27-22                 _____
                                Daniel Perez

                                DPV Transportation Worldwide LLC

Dated: 01-27-22                 _____
                                By:

                                DPV Transportation, Inc.

Dated: 01-27-22                 _____
                                By:

{11974260:2}                           5

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____  _____
James Antwine

Dated: _____  _____
Lionel Briggs

Dated: _____  _____
Jose Perez

Dated: _____  _____
Daniel Perez

DPV Transportation Worldwide LLC

Dated: _____  _____
By:

DPV Transportation, Inc.

Dated: _____  _____
By:

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____    _____
                                  James Antwine

Dated: 01-30-22                   _____
                                  Lionel Briggs

Dated: 01-27-22                   _____
                                  Jose Perez

Dated: 01-27-22                   _____
                                  Daniel Perez

                                  DPV Transportation Worldwide LLC

Dated: _____    _____
                                  By:

                                  DPV Transportation, Inc.

Dated: _____    _____
                                  By:

{11974260:2}                          5